[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The Committee, Jennifer E. Davis, appointed by this court in this foreclosure action to conduct a sale of the mortgaged premises, seeks an order directing the plaintiff mortgagee to pay her fees and expenses when the defendant mortgagor has filed for bankruptcy and the sale has been automatically stayed under bankruptcy law. The plaintiff mortgagee claims the automatic stay requires this court to deny the Committee's motion. This court disagrees.
The facts are as follows: On June 11, 1990 plaintiff Paragon Mortgage Co. initiated this action for foreclosure of real property in Bristol owned by defendants Thaddeus L. and Irene T. Singleton. On September 11, 1990 this court found the debt due the plaintiff to be $100,634.21, and entered a decree of foreclosure by sale. The Court appointed Jennifer E. Davis as Committee of sale and set the sales date as November 3, 1990.
The Committee performed all the functions necessary to bringing about the sale, including contacting the court-appointed appraisers, posting a sign, placing notices in the newspaper and speaking to prospective purchasers. On October 31, four days before the scheduled sales date, the Committee was notified by defendants' attorney that the defendants were planning to file a Chapter 13 bankruptcy petition. When Committee learned on November 1, 1990 that defendant had so filed, she cancelled the foreclosure sale. Up until then she had rendered 20 hours of service, plus an additional 6 hours in preparing and arguing this motion. Her hourly rate is $100. She claims $2680 in legal fees and $1273.60 in expenses for newspaper notices, signs and other costs.
The United States Bankruptcy Court (11 U.S.C. § 362 (a)) provides that a bankruptcy petition "operates as a stay. . .of CT Page 2393 (1) the commencement or continuation . . .of a judicial, administrative, or other proceeding against the debtor . . ." (underlining added).
The Committee claim is not against the defendants in bankruptcy, but against the plaintiff mortgagee. "Generally, the automatic stay does not apply to proceedings against non-debtors." In re The Metal Center, 31 B.R. 458, 462
(Bkrtcy, D. Conn. 1983). As stated in In re Related Asbestos Cases, 23 B.R. 523, 527 (N.D. Ca. 1982) : "The plain language of section 362, supra, clearly and repeatedly refers to actions against the debtor; it nowhere purports to encompass other related inter party claims."
Where, however, a debtor and nondebtor are so bound by statute or contract that the liability of the nondebtor is imputed to the debtor by operation of law, then the stay can apply to the nondebtor because the Congressional intent to protect debtors would be frustrated by permitting indirectly what is expressly prohibited by 362(a) of the Bankruptcy Act. In re Metal Center, supra, p. 462.
Here the promissory note secured by the mortgage being foreclosed upon precisely provides that the defendant mortgagors will pay "a reasonable attorney's to collect this note or defend any action brought against My [defendant's] property. . . ." The Committee is an officer of the court and her fee for services to effectuate a foreclosure sale is not an "attorney's fee" under the note, and so not imputed by operation of law to the defendant. It is a cost incurred by the plaintiff in calling upon this court to provide a remedy for collecting its loan by way of foreclosure.
The precise issue of whether or not a state court committee is entitled to sue a mortgagee for fees and expenses when the foreclosure sale is stayed by the mortgagor's bankruptcy was raised in In re Rubenstein, 105 B.R. 198 (Bkrtcy D. Conn. 1989). Judge Alan W. Shiff held that the automatic stay did not bar the committee's state court action against the debtor's mortgagee to collect fees incurred in the committee's attempt to conduct a foreclosure sale. `The court noted no conflict between state and federal courts over committee fees and costs would arise because each court is bound by different criteria. Id. p. 202. See also In re Davise, 112 B.R. 492,494, n. 2 (Bkrtcy. D. Conn. 1990).
General Statutes 49-25 provides that when the court orders a foreclosure by sale "the expense of the sale and appraisal shall be paid by the plaintiff to be taxed with the costs of the case." In Hartford Federal Savings Loan Assn. CT Page 2394 v. Tucker, 13 Conn. App. 239 (1988), cert. den. 207 Conn. 805
(1990), the Appellate Court held that the committee is entitled to be paid for money, time and effort expended in performance of its duties even if the sale does not take place. As the court said (at p. 250): "Any other rule would be harsh and oppressive to the committee of sale, depriving it of just remuneration for proceeding in a manner consistent with the decree. A committee of sale, as an arm of the court, should not have to act at its own peril in undertaking its obligations under a judgment of foreclosures by sale."
This court, thus, concludes that the Committee is entitled to be paid for the hours spent furthering the foreclosure sale, although not for the hours prosecuting this motion, and accordingly orders the plaintiff to pay her fee of $2080 plus her expenses of $1273.60
ROBERT SATTER, J.